UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| USM, INC., : |
|     Plaintiff, : |
| : |
| v. : No. 3:15cv1537 (DJS) |
| : |
| BARRETTA ENTERPRISES, LLC, : |
| and PEERLESS INDEMNITY : |
| INSURANCE COMPANY, : |
|     Defendants. : |

RULING ON MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, USM, Inc. ("USM"), brings claims of common law indemnification, contractual indemnification, and breach of contract against the defendants, Barretta Enterprises, LLC ("Barretta") and Peerless Indemnity Insurance Company ("Peerless"). Both defendants have filed a motion for summary judgment. For the reasons stated below, the defendant Barretta's motion (doc. # 37)[1] is granted in part and denied in part, and Peerless's motion (doc. # 20) is granted.

A. PROCEDURAL BACKGROUND

In a prior, separate action, the plaintiff, Linda Hawkins brought suit against Target Corporation ("Target"), alleging that injuries she suffered as the result of a slip and fall on a walkway at a Target store in Orange, Connecticut were "caused by Target's negligence . . . . At the time of the accident, Target had contracted with [USM] to provide snow and ice removal services at the store. USM, in turn, asked its subcontractor Barretta to provide such services there." *Hawkins v. Target Corp.*, Civil No. 12cv319 (AWT), 2015 WL 533260, at *1 (D. Conn. Feb. 10, 2015) ("*Hawkins*"). Target subsequently joined Barretta as a third-party defendant in

_____

[1] Baretta had filed an earlier motion for summary judgment (doc. # 21) which was superseded by its "Enlarged Motion for Summary Judgment" (doc. # 37).

*Hawkins*, raising claims of contractual indemnification and common law indemnification. A motion for summary judgment filed by Barretta was granted as to the contractual indemnification claim and denied as to the common law indemnification claim. The plaintiff Linda Hawkins subsequently entered into a settlement agreement with Target, which then voluntarily dismissed its claim against Barretta.

In the instant action, USM brings a common law indemnification claim against Barretta for the costs to defend and indemnify Target in *Hawkins*, as well as breach of contract claims. USM has also brought a claim against Peerless, which had issued a commercial general liability insurance policy to Barretta, alleging that in the *Hawkins* action, Peerless breached a duty to defend and indemnify USM and/or Target as additional insureds under the policy issued to Barretta. The caption of the Complaint lists USM as the plaintiff "individually and for the benefit of Target Corporation/Target Stores, Inc." (Doc. # 1, at 9). The Complaint further represents that, since USM agreed to defend and indemnify Target in *Hawkins*, it "has stepped into the shoes of Target" for purposes of this action. (*Id.* at 12, ¶ 10).

The defendants' motions for summary judgment are based entirely on their argument that the present claims are barred by virtue of the previous decision of the court in *Hawkins* granting partial summary judgment to Barretta. More specifically, the defendants contend that one or both of the doctrines of collateral estoppel and res judicata preclude USM from pursuing these claims.

B.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). A "material fact" is one whose resolution will affect the ultimate determination of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute concerning a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court "accept[s] as true facts that [are] undisputed by the parties, and resolve[s] disputed facts in favor of the non-moving plaintiff where there [is] evidence to support [its] allegations." *Sousa v. Roque*, 578 F.3d 164, 166 n.1. "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Summary judgment is appropriate if, after discovery, the nonmoving party "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir. 1981) (internal quotation marks omitted).

## C.  DISCUSSION

As previously noted, the defendants' summary judgment motions are based entirely on their argument that the present claims are barred by virtue of the decision in *Hawkins*. The Court will now consider how that argument applies to each of the four counts in USM's Complaint.

### i. Count One: Common Law Indemnification (Barretta)

In Count One of its Complaint, USM alleges that: (1) "At all times relevant hereto, Barretta was in control of snow and ice removal of the parking lot at Target, at the Premises, to the exclusion of USM"; (2) "USM had no reason to know that Barretta would be negligent in the

snow and ice removal in the parking lot at Target resulting in injury"; and (3) "Accordingly, Barretta is obligated to USM for the costs to defend and indemnify Target and the settlement in the Federal Action [*Hawkins*]." (Doc. # 1, at 13, ¶¶ 16, 17, 19).

The third-party complaint against Barretta in *Hawkins* included a common law indemnification claim. Barretta's motion for summary judgment in that case was denied as to the common law indemnification claim:

> [A] reasonable jury could conclude that despite the poorly designed drain pipe the dangerous condition that caused the slip and fall was the ice on the walkway, and that Barretta had exclusive control over that walkway. Genuine issues of material fact exist as to what is the dangerous condition and whether Barretta had exclusive control over that condition. Therefore, summary judgment is being denied with respect to the common law indemnification claim.

*Hawkins*, 2015 WL 533260, at *5.

Barretta's legal argument in support of its motion for summary judgment begins with the following statement: "The doctrines of res judicata and collateral estoppel are both related to the general principle that once a question has been finally and authoritatively decided it should not be relitigated."(Doc. # 37-1, at 7) (internal quotation marks omitted). With regard to the common law indemnification claim, however, the court in *Hawkins* did not finally and authoritatively decide the question. To the contrary, the court explicitly stated that genuine issues of material fact exist as to that question. Neither res judicata nor collateral estoppel - - which are the exclusive bases of Barretta's motion for summary judgment - - applies to the common law indemnification claim. Consequently, Barretta's motion is denied as to Count One of the Complaint.

ii. Count Two: Breach of Contract- Failure to Defend and Indemnify (Barretta)

In Count Two, USM alleges that Barretta breached the snow and ice removal subcontract between USM and Barretta (the "Subcontractor Agreement") by refusing to defend and indemnify Target in connection with *Hawkins*. The third-party complaint against Barretta in *Hawkins* had also included a contractual indemnification claim based on the Subcontractor Agreement.

In *Hawkins*, the court squarely addressed and rejected the contractual indemnification claim against Barretta:

> Under the indemnification provision [of the Subcontractor Agreement], Barretta "shall . . . defend [USM and USM's customers] . . . from and against all allegations . . . asserted in any and all claims reasonably related to Services [Barretta] provided or failed to provide under this Agreement[.]" Under the express terms of the agreement, "Services" that fall under the agreement are those set forth in the specifications, and Barretta's duty to indemnify USM and its customer Target arises only with respect to "Services" in the specifications that Barretta signed and returned to USM. It is undisputed that Barretta did not sign the specifications . . . until February 1, 2011. Therefore, Barretta has no duty to indemnify Target for services rendered prior to February 1, 2011, and summary judgment is being granted in favor of Barretta with respect to Target's contractual indemnification claim.
> . . . .
> [W]hether Barretta serviced the Target store on January 22, 2011 is not a material fact with respect to the contractual indemnification claim because any service Barretta performed that day does not fall under the agreement.

*Hawkins*, 2015 WL 533260, at *4 (citation omitted). As is the case with the other claims against it, Barretta argues that Count Two is "barred by [the] previous decision by the court in *Hawkins* . . . ." (Doc. # 37-1, at 1).

"The term *res judicata* . . . means essentially that the matter in controversy has already been adjudicated . . . ." *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 (2d Cir. 2015). A party invoking the doctrine of res judicata must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 108 (internal quotation marks and alterations omitted).

The contractual indemnification claim raised in this case is the same contractual indemnification claim raised in *Hawkins*, and USM does not dispute that "the previous action involved the same adverse parties or those in privity with them." *Id*. As previously noted, the Complaint alleges that USM "has stepped into the shoes of Target" for purposes of this action. (Doc. # 1, at 12, ¶ 10). USM argues, instead, that "[b]ecause the Court's ruling on Barretta's underlying summary judgment motion [in *Hawkins*] was not a final judgment the doctrine of res judicata is inapplicable to the current litigation." (Doc. # 38-1, at 7).

The summary judgment ruling in *Hawkins* clearly adjudicated the merits of the contractual indemnification claim. With respect to USM's argument concerning the finality of that decision, the focus of the Court in considering a res judicata defense is whether "the losing party had a full and *fair opportunity* to litigate the claim." *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, No. 14-cv-6566 (RJS), 2016 U.S. Dist. LEXIS 42282, at *12 (S.D.N.Y. March 29, 2016) (internal quotation marks omitted). A party has had a full and fair opportunity to litigate a claim if it was "fully able to raise the same factual or legal issues [in the previous action] as [it] asserts here . . . ." *Lafleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002). Target had full

opportunity in *Hawkins* to litigate the contractual indemnification claim in connection with Barretta's motion for summary judgment and did so. After the Court ruled on that issue, Target settled with the *Hawkins* plaintiff and thereafter voluntarily dismissed its third-party action against Barretta. "'Finality' in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961). *See also Pantoja v. Scott*, 96 Civ. 8593 (AJP), 2001 U.S. Dist. LEXIS 17374, at *18 (S.D.N.Y. Oct. 29, 2001) ("a state court's grant of partial summary judgment constitutes a 'final' judgment for res judicata purposes").This Court concludes that Target, which is in privity with USM, had a full and fair opportunity to litigate the contractual indemnification claim in *Hawkins*. Consequently, USM's contractual indemnification claim is barred by the doctrine of res judicata.

USM also argues that its claim that Barretta breached its duty to defend, as opposed to its duty to indemnify, was never raised in *Hawkins* and, for that reason, res judicata cannot apply to the duty to defend claim. Res judicata applies not only to claims actually asserted in the previous litigation, however, but also to "claims that might have been raised in the prior litigation but were not." *Marcel Fashions Group, Inc.*, 779 F.3d at 108. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *MacKinnon v. City of New York/Human Resources Administration*, 580 F. App'x 44, 45 (2d Cir. 2014) (internal quotation marks omitted). The duty to defend claim arises from the same transaction as did the indemnification claim, i.e., the Subcontractor Agreement, and could have been raised in *Hawkins*. For that reason, the Court finds that the duty to defend claim is likewise barred by the

doctrine of res judicata.

Even if res judicata did not apply to USM's duty to defend claim, the doctrine of collateral estoppel would bar that claim. "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). The doctrine of collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 288-89 (internal quotation marks omitted).

The issue in question is whether on January 22, 2011, Barretta owed a duty to USM and Target arising out of the Subcontractor Agreement between USM and Barretta. That issue was actually litigated and decided in *Hawkins* and was necessary to support the Court's summary judgment decision. Additionally, all parties had a full and fair opportunity to litigate that issue. In its summary judgment decision, the Court conclusively determined that:

> Barretta's duty to indemnify USM and its customer Target arises only with respect to "Services" in the specifications that Barretta signed and returned to USM. It is undisputed that Barretta did not sign the specifications . . . until February 1, 2011. Therefore, Barretta has no duty to indemnify Target for services rendered prior to February 1, 2011, and summary judgment is being granted in favor of Barretta with respect to Target's contractual indemnification claim.

*Hawkins*, 2015 WL 533260, at *4. Simply put, "any service Barretta performed that day [did] not fall under the agreement ." *Id.*

With regard to the finality of the decision granting partial summary judgment in *Hawkins*, the Court notes that "[t]he concept of finality differs for purposes of appealability and collateral estoppel." *United States DOJ v. Hudson*, 1:06-CV-763 (FJS), 2007 U.S. Dist. LEXIS 62749, at *13 (N.D.N.Y. Aug. 24, 2007). "[F]ederal courts have expanded application of collateral estoppel beyond the traditional context of appealable final judgments to decisions including partial summary judgment . . . ." *Id.* at *14. The Court finds that the doctrine of collateral estoppel applies to the claims in Count Two.

The Court recognizes that an insurer's "duty to defend . . . is broader than [its] duty to indemnify." *American National Proptery and Casualty Companies v. Hearn*, 93 A.3d 880, 884 (Pa. Super. Ct. June 9, 2014) (internal quotation marks omitted).[2] "However, both duties flow from a determination that the complaint triggers coverage." *Id.* Since the Court in *Hawkins* determined that any actions taken by Barretta on January 22, 2011, "did not fall under the agreement," USM's failure to defend claim would, in any event, fail as a matter of law.

For these reasons Barretta's motion for summary judgment is granted as to Count Two of the Complaint.

iii. Count Three:  Breach of Contract- Failure to Obtain Insurance Coverage (Barretta)

In Count Three, USM alleges that Barretta breached the Subcontractor Agreement by failing "to include USM and Target as Additional Insureds on the Peerless policy . . . . As a direct result of this breach of contract, USM has incurred expenses, including, but not limited to, attorney's fees and costs to defend and resolve [*Hawkins*] and the payment of settlement." (Doc.

---

[2] By its terms the Subcontractor Agreement was governed by Pennsylvania law. *Hawkins*, 2015 WL 533260, at *2.

# 1, at 16, ¶¶ 21,22). Barretta argues that Count Three is barred by the doctrine of res judicata. USM counters that "the issue of whether Barretta breached its obligation to obtain insurance . . . was neither actually litigated nor necessarily determined in *Hawkins*." (Doc. # 38-1, at 14-15).

During the course of the litigation in *Hawkins*, Target's legal counsel wrote to Barretta's legal counsel. In that correspondence, counsel noted that Peerless had issued a Certificate of Liability Insurance to cover "USM, Inc. and its customers." (Doc. # 38-2, at 41). Counsel also noted that the Subcontractor Agreement included a requirement that Barretta "maintain insurance coverage for USM including comprehensive general liability coverage in the amount of $1,000,000 per occurrence." (*Id.*). On the basis of that provision, the attorney notified Barretta that "Target (USM) is seeking reimbursement of all legal fees and expenses to date [in *Hawkins*] as well as on a going forward basis." (*Id.* at 42).

The Court agrees that this claim is barred by the doctrine of res judicata. Although this specific claim (USM's obligation under the Subcontractor Agreement to obtain insurance) was not raised in *Hawkins*, it clearly "arise[s] from the same transaction or occurrence," i.e., the Subcontractor Agreement. *MacKinnon*, 580 F. App'x at 45 (internal quotation marks omitted). Res judicata bars the litigation of "'issues that were or could have been raised'" in a previous action. *Id.* (quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). This issue could have been raised in *Hawkins* along with the contractual indemnification claim and for that reason is now barred by res judicata.

The Court also notes that with specific reference to the comprehensive general liability insurance referenced in the correspondence from Target's attorney, the Subcontractor Agreement provides as follows: "Prior to the commencement of the Services, you shall obtain and maintain

or cause to be obtained and maintained the following insurance, in amounts not less than specified below . . . Comprehensive General Liability . . . with limits of liability of not less than . . . Each Occurrence: $1,000,000." (Doc. # 38-2, at 81). The *Hawkins* decision determined that any services performed by Barretta prior to February 1, 2011 were not "Services" under the Subcontractor Agreement. *Hawkins,* 2015 WL 533260, at *4 ("the issue is whether the services rendered by Barretta prior to [February 1, 2011] are 'Services' under the agreement, and under the express language of the agreement, they are not"). Both Target and its privy USM are bound by the decision on this issue in *Hawkins*. Since the Subcontractor Agreement required Barretta to obtain comprehensive general liability insurance prior to the commencement of Services, and since Services had not commenced as of the date of Hawkins' fall (January 22, 2100), USM's claim in Count Three would fail in any event on the basis of collateral estoppel.

For these reasons Barretta's motion for summary judgment is granted as to Count Three of the Complaint.

iv. Count Four:  Failure to Defend and Indemnify (Peerless)[3]

In Count Four, USM alleges that Peerless breached "its duty [in *Hawkins*] to provide a defense and indemnification of USM and/or Target as Additional Insureds." (Doc. 1, at 18, ¶ 28). According to USM, this duty arose out of the snow and ice removal contract between Target and USM, the Subcontractor Agreement between USM and Barrett, and the commercial general liability insurance policy issued by Peerless to Barretta. Peerless responds that "USM is bound by this Court's prior determination that the work of Barretta at the fall location prior to the fall was

---

[3]The Complaint contains two different counts identified as "Count Three." For purposes of clarity, the Court refers to the second Count Three as Count Four.

not within the scope of the written Subcontractor Agreement between Barretta and USM, and . . . re-litigation of that issue is precluded" by collateral estoppel.  (Doc. # 20-1, at 11-12).

The insurance policy issued by Peerless to Barretta included the following language in an endorsement entitled "Additional Insured - Owners, Lessees or Contractors - Automatic Status When Required In Construction Agreement With You":

> Who Is An Insured is amended to include as an additional insured
> any person or organization when you and such person or organization
> have agreed in writing in a contract or agreement that such person
> or organization be added as an additional insured on your policy. Such
> person or organization is an additional insured only with respect
> to liability for "bodily injury" [or] "property damage" . . .
> caused in whole or in part, by:
> 1.  *Your acts or omissions*; or
> 2.  The acts or omissions of those acting on your behalf;
> *in the performance of your ongoing operations for the additional
> insured that are the subject of the written contract or agreement* provided
> that the "bodily injury" or "property damage" occurs . . . subsequent
> to the execution of such contract.

(Doc. # 22-6, at 1) (emphasis added).

"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract . . . . If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning . . . . Under those circumstances, the policy is to be given effect according to its terms. . . ." *Lexington Insurance Co. v. Lexington Healthcare Group, Inc.*, 311 Conn. 29, 37-38 (2014) (internal quotation marks omitted). The terms of the endorsement in the policy issued to Barretta are clear and unambiguous: a person or organization is an additional insured under the policy only with respect to Barretta's acts or omissions "in the performance of [its] ongoing operations . . . that are the subject of the written contract or agreement" with the

person or organization. As discussed in the preceding section of this ruling, it was conclusively determined in *Hawkins* that "any service Barretta performed that day [January 22, 2011] does not fall under the agreement [between USM and Barretta]." *Hawkins*, 2015 WL 533260, at *4. USM is bound by this determination on the basis of collateral estoppel. Since any activities of Barretta prior to February 1, 2011 did not fall under the Subcontractor Agreement, those activities were not "the subject of the written contract or agreement" and, therefore, USM and Target were not additional insureds with respect to those activities. For that reason, USM's claim in Count Four fails and Peerless's motion for summary judgment is granted.

## D.  CONCLUSION

For the reasons stated above, the defendant Barretta's motion for summary judgment (**doc. # 37**) is **GRANTED in part** and **DENIED in part**, and the defendant Peerless's motion for summary judgment (**doc. # 20)** is **GRANTED**.

Counts Two, Three, and Four of the Complaint are dismissed. The case shall continue as to Count One of the Complaint against the defendant Barretta only.

SO ORDERED this   21st  day of   September,  2016

         /s/ DJS
                    Dominic J. Squatrito
                    United States District Judge